B. John Casey OSB No. 120025
john.casey@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-9170
Facsimile: (503) 220-2480

Attorney for Defendant Hog Wild, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| HENGLEE COMPANY LIMITED,<br><br>  Plaintiff,<br><br> v.<br><br>HOG WILD, LLC, et al.,<br><br>  Defendants. | Case No.: 3:23-cv-00315-IM<br><br>**DEFENDANT HOG WILD, LLC'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Hog Wild, LLC ("Hog Wild"), by and through its undersigned attorney, for its answer to the Complaint (ECF 1) of Plaintiff Henglee Company Limited ("Henglee") states and alleges as follows.

## INTRODUCTION

1. Hog Wild admits that Henglee has brought this lawsuit and that Hog Wild has not yet paid for certain goods delivered by Henglee and accepted by Hog Wild. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 1 and on that basis denies same.

Page 1 - DEFENDANT HOG WILD, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

2. Hog Wild admits that it did not pay Henglee for certain goods received by Hog Wild. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 2 and on that basis denies same.

3. Hog Wild denies the allegations in Paragraph 3.

4. Hog Wild admits Henglee's complaint seeks damages. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 4 and on that basis denies same.

### THE PARTIES

5. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 and on that basis denies same.

6. Hog Wild admits the allegations in Paragraph 6.

7. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and on that basis denies same.

8. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and on that basis denies same.

9. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and on that basis denies same.

### JURISDICTION AND VENUE

10. Hog Wild admits the allegations in Paragraph 10.

11. Hog Wild admits the allegations in Paragraph 11.

### FACTUAL ALLEGATIONS

12. Hog Wild admits that it placed purchase orders with Henglee between May 8, 2019 and May 18, 2020. Hog Wild further admits that each purchase order identified specific

goods, particular quantities, and purchase prices per unit. Hog Wild denies that the purchase orders contained the total amount of the contract price. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 12 and on that basis denies same.

13.     Hog Wild admits that Henglee shipped Hog Wild goods between May 2019 and May 2020. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 13 and on that basis denies same.

14.     Hog Wild generally admits that it received goods shipped by Henglee and some of those goods were received in Oregon. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 14 and on that basis denies same.

15.     Hog Wild admits that it paid 30% of all purchase orders at or around the time orders were placed. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 15 and on that basis denies same.

16.     Paragraph 16 appears to refer to documents, which speak for themselves. Hog Wild denies the allegations in Paragraph 16 to the extent the allegations are inconsistent with the documents referenced. Hog Wild otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and on that basis denies same.

**FIRST CAUSE OF ACTION**

17.     Paragraph 17 contains no new allegations. Hog Wild incorporates its responses to the allegations referenced in Paragraph 17.

18.     Paragraph 18 contains a legal conclusion to which no response is required. To the extent a response is required, Hog Wild generally admits that it placed purchase orders with

Henglee between May 2019 and May 2020. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 18 and on that basis denies same.

19. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 and on that basis denies same.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, Hog Wild admits that it issued purchase orders to Henglee. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 20 and on that basis denies same.

21. Hog Wild admits that each purchase order contained the quantity and pricing of the goods Hog Wild requested with each purchase order. Hog Wild denies all other allegations in Paragraph 21.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Hog Wild admits that it intended the purchase orders it placed with Henglee to be valid and that it expected delivery of goods to occur in Oregon. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 22 and on that basis denies same.

23. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies same.

24. Hog Wild generally admits that it accepted delivery of goods from Henglee and that at least some deliveries occurred in Oregon. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of all other allegations in Paragraph 24 and on that basis denies same.

25. Hog Wild admits the allegations in Paragraph 25.

26. Hog Wild denies the allegations in Paragraph 26.

27. Hog Wild admits that Henglee has sought full payment for goods delivered to Hog Wild. Hog Wild further admits that it has failed to pay fully for some goods delivered. Hog Wild denies that it has refused to pay for goods delivered.

28. Paragraph 28 contains a legal conclusion to which no response is required. To the extent a response is required, Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28 and on that basis denies same.

29. Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 and on that basis denies same.

## SECOND CAUSE OF ACTION

30. Paragraph 30 contains no new allegations. Hog Wild incorporates its responses to the allegations referenced in Paragraph 30.

31. Hog Wild generally admits that it placed purchase orders with Henglee and agreed to pay Henglee for goods ordered. Because Paragraph 31 does not reference specific purchase orders, Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 and on that basis denies same.

32. Hog Wild generally admits that Henglee delivered some goods to Hog Wild in Oregon. Because Paragraph 32 does not reference specific purchase orders and because Hog Wild is unaware of what Henglee relied upon, Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and on that basis denies same.

33.     Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 and on that basis denies same.

34.     Hog Wild generally admits that it accepted deliveries of goods from Henglee in Oregon. Because Paragraph 34 does not reference specific deliveries, Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 and on that basis denies same.

35.     Hog Wild denies the allegations in Paragraph 35.

36.     Paragraph 36 contains a legal conclusion to which no response is required. To the extent a response is required, Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36 and on that basis denies same.

37.     Hog Wild lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 and on that basis denies same.

## **PRAYER FOR RELIEF**

38.     Hog Wild denies that Henglee is entitled to any relief other than the amount it can prove Hog Wild has failed to pay for goods accepted from Henglee.

## AFFIRMATIVE DEFENSES

1. Henglee's claims are precluded, in whole or in part, by the doctrine of waiver.

2. Hog Wild reserves any affirmative defenses available to it now existing, or later arising, as may be identified or discovered throughout this litigation.

DATED: May 4, 2023

STOEL RIVES LLP

s/*B. John Casey*
B. John Casey, OSB No. 120025
john.casey@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205
Telephone: (503) 224-9170
Facsimile: (503) 220-2480

Attorney for Defendant Hog Wild, LLC